JESSE TURNER's Admrs. *v.* DAVID L. HERRON.

SLAVES: WHEN DAMAGES FOR FRAUDULENT REMOVAL, GIVEN UNDER THE ACT OF
1822, ARE RECOVERABLE AGAINST TRUSTEE BY THE GRANTOR.—The statute
(Hutch. Dig. 520, § 49), which gives double damages to the owner against a
person who shall fraudulently, and without his consent, remove a slave from
the county or State, applies to all cases where a slave is thus wrongfully and
fraudulently taken and removed from the possession of a person having at the
time the right to the immediate possession, although the party taking may own
the legal title; and hence, an action under the statute may be maintained by
the grantor in a deed in trust against the trustee who shall remove from the

State a slave therein conveyed, at a time when, by the provisions of the deed, the right of possession was in the plaintiff.

IN error from the Circuit Court of Yallabusha county. Hon. William Cothran, judge.

*T. J.* and *F. A. R. Wharton*, for plaintiffs in error.

*N. C.* and *J. A. Snider*, on same side.

*F. M. Aldridge* and *J. Z. George*, for defendant in error.

HANDY, J., delivered the opinion of the court.

This action was brought under the Statute of 1822 (Hutch. Code, 520, § 49) by the plaintiffs in error, as owners of two slaves, against the defendant, to recover damages for his having carried the two slaves from the possession of the plaintiffs in Calhoun county, in this State, into another county in this State, and also out of the State, without the consent of the owners, and with the intention of defrauding the owners, and of depriving them of the slaves, contrary to the statute. This is charged to have been done on the 6th day of December, 1855.

The defendant pleaded that he was the legal owner of the slaves at the time he took them into possession and carried them off, and, in support of the answer, exhibits and files with it a deed of trust, executed by the plaintiffs' intestate on the 1st June, 1854, conveying the slaves to the defendant as a trustee. This deed enumerates sundry debts and liabilities of the plaintiffs' intestate to Ferguson & Neill, or for which they were liable as his indorsers, one past due at the date of the deed, and the others to mature in December, 1854, and in January, February, and May, 1855, amounting to about eight thousand dollars. The deed states that it is made upon the trust that, if the grantor should pay the debts specified as not then due, at maturity, and that upon which Ferguson & Neill were indorsers, which was then past due, so that Ferguson & Neill would not have to pay it, then the deed should be void; but if any of the debts should not be paid at maturity, then, upon the falling due of any of the debts, or upon any liability arising to Ferguson & Neill on account of any of the debts, that the defendant, as trustee,

should take possession of the property and proceed to sell it, or so much of it as might be necessary to pay either or all of the debts, in a specified manner.   Then follows this provision: "It is hereby agreed by all parties that I, the said Jesse Turner (the grantor and plaintiffs' intestate), shall and may remain in the possession, occupancy, and control of all of said property until any part or all of it may be demanded of him by the trustee, or until the happening of any of the liabilities or falling due of any of the notes herein provided for; when he shall give possession of all or so much of said property as may be required of him; or if said Jesse Turner should show signs of wasting or making away with, any or all of said property, then said trustee shall take possession and control of the same," &c.

To this answer the plaintiffs filed a demurrer, which was overruled, and the plaintiffs declining to reply, judgment was rendered for the defendant.

The first objection urged against the plea is, that it does not show that any of the contingencies had taken place upon which the defendant, as trustee, was authorized to take possession of the slaves.

It is clear that, by the terms of the deed, the grantor was entitled to hold possession of the slaves until the happening of some one or all of these contingencies; and if this was a mere action to recover general damages for the defendant's wrongful act in taking possession of the slaves, there cannot be a doubt but that it would be incumbent on him to aver and prove that he was justified by the happening of some one of the contingencies.   In such a case, the averments of this answer would not show that the defendant had taken possession under circumstances upon which his right of possession depended, and would be no justification for his act.

Is there any distinction between the principle applicable to that case and that which should govern the present case?

It is said that this action is purely statutory, and can be brought by no other person than the " owner," though such person be entitled to the possession ; that the defendant was the legal " owner," in virtue of the legal title conveyed to him by the trust deed, and, therefore, was not liable to the action of the party entitled to possession against him, within the contemplation of the statute.

It is true that the trustee was vested with the legal title under

the deed; but it is manifest that no beneficial interest passed to him except upon the conditions specified in the deed. As to all other persons except the grantor, he was clothed with the legal title, and was the proper person to institute actions and protect the property in furtherance of the purposes of the trust. But though he held the legal title, it was, as against the grantor, a mere naked legal title until he was authorized to take possession under the provisions and conditions of the deed; and until then he could not, in any just legal sense, be said to be the "owner" of the property.

The policy of the statute was, doubtless, to protect persons who are entitled to and have the possession of slaves, from having them wrongfully and fraudulently taken from their possession and removed to other counties or States, where their recovery would be attended with trouble and hazard. The policy of the statute does not require that the person who is deprived of the possession should hold the absolute legal title to the slaves, in order to come within its provisions; for that would exclude from its benefits all persons having slaves on hire for a term, and all persons entitled to the possession of slaves for a limited period, against the right of the person holding' the legal title. For instance, if a person holds slaves on hire for a year or term of years, he is considered in law as the owner for that period as against the right of the person holding the legal title. Much less could it apply to a person in the condition of the grantor in this deed of trust, under the circumstances appearing by the pleadings in this case. The absolute title to the slaves had been in him. He had conveyed it to the defendant, whose beneficial right and interest were to depend upon conditions subsequent, expressly reserving to himself all the benefits of use and ownership. Until the happening of the contingencies specified, who was the person to be immediately injured by the removal of the slaves from his possession? Certainly the grantor. The property was substantially his, and the defendant had no more right to deprive him of the possession of it before the happening of some one or more of the contingencies specified, than had a stranger; and the act of the defendant in taking possession without his consent, and in violation of the stipulations of the deed, would have been as clearly unjustifiable and as great an injury to the grantor as if done by a stranger.

We are, therefore, of. opinion that unless the defendant's taking possession was justified by some of the circumstances mentioned in the deed, the case is within the statute; and as between him and the plaintiffs' intestate, that the latter must be regarded as the owner of the slaves within its contemplation; and hence, that the plea, not showing such justification, was insufficient.

But it is said that this, being a penal statute, must be construed strictly. This is true. But in construing it, we must look to the intention of the legislature, as indicated by its general provisions, and give to general phrases such a construction as, without violation of settled principle, will best promote the object intended. Guided by this rule, we have no doubt, but that the statute embraces all cases where slaves are wrongfully and fraudulently taken by any one from the possession of a person having at the time the right of immediate possession, though the party taking may have the naked legal title to the slave, but not the right of possession at the time.

Under this view of the case, the judgment must be reversed, and the demurrer to the plea sustained, and the cause remanded, and the defendant required to answer over.